**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DANIEL DEROSE, JR., and MARY SIROIS, both individually and derivatively on behalf of WANDERLUST PRODUCTIONS, LLC, an Illinois limited liability company,** | |
| **Plaintiffs,** | **Case No.** |
| **v.** | **JURY TRIAL DEMANDED** |
| **DARREN WILSON and WANDERLUST PRODUCTIONS, LLC, a South Carolina limited liability company,** | |
| **Defendants.** | |

## COMPLAINT

NOW COME the Plaintiffs, DANIEL DEROSE, JR., ("DeRose") and MARY SIROIS ("Sirois"), both individually and derivatively on behalf of WANDERLUST PRODUCTIONS, LLC, an Illinois limited liability company ("WP Illinois"), by and through their attorneys, Whitman H. Brisky, Terry S. Lu, and MAUCK & BAKER, LLC, and for their Complaint against Defendants DARREN WILSON ("Wilson") and WANDERLUST PRODUCTIONS, LLC, a South Carolina limited liability company ("WP South Carolina"), state as follows:

### INTRODUCTION

1. Plaintiffs bring this action against Defendants for Fraud, Breach of Contract, Breach of Fiduciary Duty, Theft of Corporate Opportunity, and Accounting because Defendant Wilson, directly and through WP South Carolina, obtained money and property from Plaintiff WP Illinois without a proper business purpose, overcompensated himself, utilized the intellectual property of

WP Illinois to promote his other businesses without compensation and to the detriment of WP Illinois, violated his fiduciary duties to Plaintiffs and WP Illinois, and converted the assets and corporate opportunities of WP Illinois, including by secretly moving assets from WP Illinois to Defendant WP South Carolina, without compensation or proper notification to Plaintiffs.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction of this action under 28 U.S.C. § 1332, because this matter involves a diversity of citizenship, in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between Plaintiffs DeRose and Sirois (who are citizens of Illinois) and WP Illinois (an Illinois LLC), and Defendant Wilson (who is a citizen of South Carolina) and WP South Carolina (a South Carolina LLC).

3.   Venue in this judicial district is proper under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the claims stated below occurred in this district.

## PARTIES

4.   Plaintiff DeRose is an individual residing in Illinois, owner of DJD Trading, Inc., and an investor in and member of Plaintiff WP Illinois.

5.   Plaintiff Sirois is an individual residing in Illinois, owner of Mav Trading, Inc., and an investor in and member of Plaintiff WP Illinois.

6.   Plaintiff WP Illinois, is an Illinois limited liability company originally formed in February 2008 by Wilson, and involuntarily dissolved on August 11, 2017 and not reinstated, due to Defendant Wilson's mismanagement of the company and failure to follow corporate formalities.

7.   Defendant Wilson is a member of WP Illinois, is also the founder and owner of WP South Carolina and its registered agent. Upon information and belief, he currently resides in Greenville, South Carolina.

8. Defendant WP South Carolina was formed on January 19, 2018, by Defendant Wilson, without the knowledge or participation of DeRose or Sirois, to receive the assets of WP Illinois.

## BACKGROUND

9. In December 2009, Wilson approached DeRose and Sirois to solicit investments of $212,500 each into Plaintiff WP Illinois, Defendant Wilson's then wholly-owned company.

10. To induce DeRose and Sirois to invest in WP Illinois, Wilson made representations to them that the invested funds would be used to further the business of WP Illinois and that DeRose and Sirois would receive substantial financial returns on their investments within a short period of time.

11. As part of his solicitation, Defendant Wilson identified himself as a Christian filmmaker who had already made a commercially successful documentary about Charismatic Christianity and supernatural experiences, entitled "The Finger of God," which was owned by WP Illinois and that such documentary had great value.

12. In January 2010, DeRose and Sirois each executed a New Member Agreement ("New Member Agreement"), attached hereto as **Exhibit A**, and transferred $212,500 to WP Illinois, in exchange for a 12.5% membership interest in WP Illinois, resulting in a total membership interest of 25% of the company between them.

13. Under the New Member Agreement, DeRose and Sirois were designated "active investors," and were assured that they would "take a regular, active role in the operation and direction of [WP Illinois]," and would be given opportunities to "contribute input, comments, advice, and other support" as Members in the management of WP Illinois.

14. Under the 2010 operating agreement ("Old Operating Agreement") of WP Illinois, DeRose and Sirois were granted voting rights as members of WP Illinois, including with respect

to the transfer of any assets or execution of any other significant acts affecting the company.

15. After they became Members of WP Illinois, Wilson consistently told DeRose and Sirois that he intended to fully repay their initial investments and that they would receive profits beyond their initial investments.

16. Unbeknownst to DeRose and Sirois at the time, and without any proper business purpose, Wilson was regularly utilizing WP Illinois' accounts and assets for his personal expenses, including extensive personal travel. The facts regarding such use, and the claim that WP Illinois owed Wilson substantial sums were not disclosed at the time DeRose and Sirois were considering their investment in WP Illinois.

17. For example, soon after receiving the initial investments of Plaintiffs DeRose and Sirois, Wilson withdrew $166,000 from WP Illinois without any notification or disclosure to the other Members of WP Illinois, as required under the Illinois Limited Liability Company Act, 805 ILCS 180/1-1, et seq. ("Act"), and the Old Operating Agreement in effect at the time. Such funds were withdrawn for personal use by Wilson and not for proper business purposes.

18. When DeRose discovered Wilson's unauthorized taking of the $166,000 from WP Illinois, DeRose confronted him.

19. Upon being confronted, Wilson falsely claimed that WP Illinois had "owed him the money from the past," and that the taking was a legitimate act.

20. Wilson's taking of the $166,000 was accounted for as a loan on WP Illinois' books and records rather than a repayment of amounts owed to Wilson

21. After being confronted, in early 2011, Wilson agreed to repay the $166,000 improperly withdrawn from WP Illinois and Plaintiffs.

22. Contrary to his agreement, Wilson repaid only $8,000 toward the loan in 2011, and

made no further repayments thereafter, despite DeRose's and Sirois' periodic demands and Defendant Wilson's repeated confirmation of both the existence of the obligation and his intentions to repay it in full.

23. In 2013, Wilson, DeRose, and Sirois executed an updated Operating Agreement ("Updated Operating Agreement"), attached as **Exhibit B** hereto, designating Braden Heckman as the manager of WP Illinois, and confirming the following ownership structure of WP Illinois:

| Member | Units | Participating Percentage Interest |
|--------|-------|-----------------------------------|
| Darren Wilson | 135 | 67.5 |
| Mary Sirois | 25 | 12.5 |
| Dan DeRose, Jr. | 25 | 12.5 |
| Braden Heckman | 5 | 2.5 |
| Matthew Bilen | 5 | 2.5 |
| Brittney Banks | 5 | 2.5 |
| **TOTAL** | **200** | **100.0** |

24. Between the date of Plaintiffs DeRose and Sirois' initial investments and 2018, WP Illinois produced a number of films, generating over $6,000,000 in revenue over that time period. The films were all based upon the Christian faith as expressed in various Christian communities throughout the world.

25. Attached hereto as Forms K-1 from WP Illinois to DeRose (**Exhibit C**) and Sirois (**Exhibit D**) for the years 2011, 2012, and 2014 to 2018 showing revenues in excess of $6,000,000.

26. In 2013, due to poor management and accounting practices, WP Illinois did not properly determine revenue, but had a stated balance sheet value of $638,526 as shown on

**Exhibit E** attached hereto.

27. At a dinner in November 2015, Wilson confided to Sirois that he was ashamed of his wrongful taking of $166,000 from WP Illinois, but did not subsequently make any additional repayments on the loan or toward DeRose's and Sirois' initial investments.

28. In 2016, manager Braden Heckman left WP Illinois, and was never replaced, resulting in Wilson assuming full control of WP Illinois.

29. At all relevant times, Wilson has utilized investor dollars and WP Illinois accounts to fund his personal travel and other expenses rather than invest in WP Illinois' business or make distributions to the members other than himself, all without authorization or a proper business purpose.

30. WP Illinois investors and owners, including DeRose and Sirois, have never received a distribution or any return of or on their investments.

31. Due to Defendant Wilson's mismanagement, WP Illinois was involuntarily dissolved by the State of Illinois on August 11, 2017. **Exhibit F**.

32. At the time of its dissolution, WP Illinois owned copyrights to and other intellectual property in the following films:

| No. | Title | Date Published |
|-----|-------|----------------|
| 1 | Finger of God | 2007 |
| 2 | Furious Love | 2010 |
| 3 | Father of Lights | 2012 |
| 4 | Anointed Fighters | 2013 |
| 5 | Holy Ghost | 2014 |
| 6 | The Greatest Fight | 2015 |

| 7 | Holy Ghost Reborn | 2015 |
| --- | --- | --- |

33. Upon involuntary dissolution, WP Illinois should have been reinstated or the remaining assets of WP Illinois, after payment of its debts, should have been distributed to its proportional owners, including DeRose and Sirois, in accordance with the Updated Operating Agreement and Illinois law.

34. Beginning in 2018, Defendant Wilson became involved in divorce proceedings with his then-spouse and approached DeRose and Sirois regarding his scheme to transfer membership interests in WP Illinois to his soon-to-be ex-wife to use assets of WP Illinois to satisfy his obligations to his wife in the divorce settlement and in clear violation of the Updated Operating Agreement.

35. When DeRose and Sirois objected to Defendant Wilson's scheme, he responded via email: "Okay, so I had no idea what kind of a hornets nest I was opening when I started discussing these different options with you all, and if it's caused you guys undo (sic) stress I am truly sorry. It's definitely caused me a lot! So in talking with [my spouse], in order to keep our relationships with you all solid and avoid any kind of weirdness, we've agreed to find a solution that doesn't affect the company shares, percentages, or ownership at all." (See **Exhibit G**)

36. Rather than reinstating WP Illinois and continuing its business, or liquidating the company under Illinois law, and contrary to his assurances described in the preceding paragraph, Wilson unilaterally created a new South Carolina limited liability company, WP South Carolina, without the knowledge or consent of the Members of WP Illinois, including DeRose and Sirois, and transferred substantially all of the assets of WP Illinois to WP South Carolina without consideration.

37. In the fall of 2019, DeRose and Sirois began investigating the state of WP Illinois,

thereby discovering the facts set forth in the instant complaint, including the discovery that WP Illinois was involuntarily dissolved due to Wilson's mismanagement and that Wilson had transferred its assets to WP South Carolina.

38. Upon these discoveries, DeRose and Sirois approached Wilson to settle accounts, obtain repayment of the debt to WP Illinois and demand a return on their investments. However, Defendant Wilson claimed insolvency, despite having raised over $250,000 in crowd-funding for his newest project, a film titled "The God Man" being developed through WP South Carolina. **Exhibit H**.

39. Crowd-funding for "The God Man" was conducted throughout the United States, including in the Northern District of Illinois and raised substantial funds, in part through offering multiple tiers that included the "Entire WP Films Library" as part of the reward for funding. **Exhibit I**. The intellectual property rights to the "entire WP films library" were owned by WP Illinois and purportedly transferred by Wilson to WP South Carolina without authorization, business purpose, or consideration.

40. "The God Man" project is one which WP Illinois could have profitably undertaken had its assets not been taken by Wilson and transferred to WP South Carolina.

41. DeRose and Sirois have demanded that Wilson repay the amounts withdrawn from WP Illinois by Wilson and either transferred to WP South Carolina or used for personal purposes, including the $166,000 withdrawal booked as a loan to him by WP Illinois, but Wilson has failed and refused to do so.

42. Wilson, by virtue of his majority membership interest, is in a position to prevent any suit by WP Illinois being instituted against himself and, in fact, although he is well aware of the facts set forth above, he has not caused WP Illinois to institute any suit against himself or WP

South Carolina to recover the funds belonging and/or owed to WP Illinois.

43. Given Wilson's rejection of the aforementioned demands and refusal to repay the amounts owed WP Illinois or Plaintiffs, any further demand for Wilson to cause WP Illinois to file an action against Wilson to recover its funds will be useless and similarly rejected.

## COUNT I
Loan Repayment
(Derivatively Against Defendant Wilson)

44. Plaintiffs incorporate Paragraphs 1–43 as if fully restated here.

45. Upon being confronted about his wrongful taking of $166,000 from WP Illinois, Defendant Wilson told Plaintiffs that he would treat the amount taken as a loan and repay the full amount to WP Illinois.

46. Defendant Wilson repeatedly reaffirmed the existence of such a loan and his obligation to repay it in full to WP Illinois.

47. In 2011, Defendant Wilson repaid $8,000 to WP Illinois toward the loan.

48. Defendant Wilson has made no additional payments toward the remaining balance of $158,000 on the loan.

49. Defendant Wilson has also made no payments of interest nor, upon information and belief, shown any interest on the said loan on the books and records of WP Illinois.

50. In 2015, Defendant Wilson reaffirmed the existence of such a loan and his intention to repay it in full.

WHEREFORE, for the above and foregoing reasons, Plaintiffs DeRose and Sirois, both individually and derivatively on behalf of Plaintiff WP Illinois, pray that this Honorable Court enter judgment in their favor and against Defendant Wilson in the amount of $158,000, plus interest, award Plaintiffs their costs, and grant such other relief as this Court deems proper and just.

**COUNT II**
Repayment of Personal Expenses Paid by WP Illinois
(Derivatively Against Defendant Wilson)

51. Plaintiffs incorporate Paragraphs 1–50 as if fully restated herein.

52. Upon information and belief, WP Illinois did not treat such payment of non-business expenses for the benefit of Wilson as additional compensation to Wilson, nor did Wilson report such expenses to the Internal Revenue Service as compensation paid to him or for his benefit.

53. Wilson's improper payment of personal and other non-business expenses from the funds and assets of WP Illinois in amounts currently unknown has created a debt and obligation to repay WP Illinois for all such expenses.

54. Wilson has made no payments to WP Illinois toward repayment of such debt.

55. Defendant Wilson has also made no payments of interest nor, upon information and belief, shown any interest on the said personal and non-business expenses on the books and records of WP Illinois.

56. Wilson concealed from Plaintiffs the fact that he paid personal expenses using WP Illinois funds.

57. Wilson owes WP Illinois the amount of any non-business expenses paid to him or on his behalf, plus reasonable interest thereon.

WHEREFORE, for the above and foregoing reasons, Plaintiffs, both individually and derivatively on behalf of WP Illinois, pray that this Honorable Court enter judgment in their favor and against Wilson in the amount of all non-business expenses paid by WP Illinois to or on behalf of Wilson, plus interest and costs, and grant such other relief as this Court deems proper and just.

**COUNT III**
Breach of Contract (Operating Agreement)
(Individually and Derivatively Against Defendant Wilson)

58. Plaintiffs incorporate Paragraphs 1–57 as if fully restated here.

59. In 2013, Wilson and Plaintiffs DeRose and Sirois executed the Updated Operating Agreement, which requires, inter alia, that (a) all distributions be made on a pro-rata basis among the owners of LLC interests (Par. 10.01), (b) the distribution of all of the assets of the Company upon dissolution (Par. 10.02) which would occur in the event continuation of its business becomes unlawful (Par. 14.01(a)(ii) as when it is administratively dissolved or should substantially all of its assets be disposed of (Par. 14.01 (a)(iii), and (c) that the consent of all holders of LLC interests is required for WP Illinois to dispose of substantially all of its assets (Par, 6.04).

60. The transfer of $166,000 to Wilson by WP Illinois, and the payment by WP Illinois of personal, non-business expenses of Wilson by WP Illinois constitute non-pro-rata distributions by WP Illinois at the direction, and due to the malfeasance, of Wilson and thereby constitute breaches of the Updated Operating Agreement by Wilson.

61. The failure of Wilson to maintain WP Illinois in good standing with the State of Illinois, the failure to reinstate WP Illinois after it had been involuntarily dissolved, and the failure to distribute the assets of WP Illinois to the holders of LLC interests upon dissolution all constitute breaches of the Updated Operating Agreement to the injury of Plaintiffs DeRose and Sirois directly, as well as to WP Illinois.

62. Wilson's transfer of substantially all of the assets of WP Illinois to WP South Carolina without consideration, and without the authorization of the holders of all LLC interests constitutes a breach of the Updated Operating Agreement to the injury of Plaintiffs DeRose and Sirois directly, as well as to WP Illinois.

63. At the time of the administrative dissolution of WP Illinois, and continuing until substantially all of the assets of WP Illinois were transferred to WP South Carolina as set forth

above, WP Illinois had substantial assets including intellectual property and corporate opportunities, as well as causes of action against Wilson which should have been liquidated and distributed to the holders of LLC interests on a pro-rata basis.

WHEREFORE, for the above and foregoing reasons, Plaintiffs DeRose and Sirois, both individually and derivatively on behalf of Plaintiff WP Illinois, pray that this Honorable Court enter judgment in their favor and against Wilson in an amount that can be proved at trial but not less than $50,000, and grant such other relief as this Court deems proper and just.

**COUNT IV**
Breach of Fiduciary Duty
(Individually and Derivatively Against Wilson)

64. Plaintiffs incorporate Paragraphs 1–63 as if fully restated here.

65. Wilson, as the de facto Manager and owner of a controlling interest in WP Illinois, owed fiduciary duties to WP Illinois and to DeRose and Sirois.

66. Defendant Wilson breached those fiduciary duties by wrongly taking funds from WP Illinois in an unauthorized "loan," using WP Illinois funds for personal expenses and personal travel, taking actions with respect to WP Illinois without proper notification to or authorization from Members including the disposition of substantially all of its assets, allowing WP Illinois to be involuntarily dissolved in August 2017, appropriating corporate opportunities of WP Illinois and conducting the same through WP South Carolina, and engaging in general mismanagement of WP Illinois, all to the injury and detriment of Plaintiffs.

67. Wilson's breach of fiduciary duties has ruined any hope of expectation on initial investment by Plaintiffs DeRose and Sirois and effectively destroyed the business of WP Illinois.

68. Plaintiffs were harmed and continue to be harmed by Defendant Wilson's wrongful acts through the loss of their initial investment, loss of the assets transferred to WP South Carolina and

loss of earnings and profits of WP Illinois.

WHEREFORE, for the above and foregoing reasons, Plaintiffs DeRose and Sirois, both individually and derivatively on behalf of Plaintiff WP Illinois, pray that this Honorable Court enter judgment in their favor and against Defendant Wilson in an amount that can be proved at trial but not less than $50,000, and grant such other relief as this Court deems proper and just.

**COUNT V**
Theft of Corporate Opportunity
(Individually and Derivatively Against Defendants Wilson and WP South Carolina)

69. Plaintiffs incorporate Paragraphs 1–68 as if fully restated here.

70. Wilson has caused WP Illinois to transfer, without authorization or consideration, all assets of WP Illinois to Defendant WP South Carolina, including copyrights of films originally owned by WP Illinois.

71. Wilson and WP South Carolina have utilized those improperly transferred assets to obtain funding for a new project titled "The God Man" which could have been undertaken by WP Illinois.

72. There is no reason that "The God Man" could not been undertaken by WP Illinois had WP Illinois not been dissolved and its assets transferred to WP South Carolina. "The God Man" is highly similar to other projects undertaken by WP Illinois in the past and, but for the transfer of assets, could have been undertaken by WP Illinois.

73. As an incentive to encourage crowd-funding for his new project "The God Man," Wilson and WP South Carolina offered backers access to the "Entire WP Films Library" which Library is properly the property of WP Illinois.

74. Wilson and WP South Carolina intend to use the funds raised, at least partially based upon granting access to the "Entire WP Films Library," for the purpose of undertaking "The God

Man" project through WP South Carolina and not through WP Illinois, without authorization from Plaintiffs.

75. Plaintiffs have been harmed and continue to be harmed by Wilson's and WP South Carolina's wrongful acts to the extent of the value of WP Illinois property taken by Wilson and WP South Carolina and any profits which are, or could have been, earned by WP Illinois.

WHEREFORE, for the above and foregoing reasons, Plaintiffs DeRose and Sirois, both individually and derivatively on behalf of Plaintiff WP Illinois, pray that this Honorable Court enter judgment in their favor and against Defendants Wilson and WP South Carolina in an amount that can be proved at trial but not less than $50,000, and grant such other relief as this Court deems proper and just.

## COUNT VI
### Conversion
#### (Derivatively Against Defendants Wilson and WP South Carolina)

76. Plaintiffs incorporate Paragraphs 1–75 above as if fully restated here.

77. Wilson and WP South Carolina caused the transfer of substantially all of the assets of WP Illinois to WP South Carolina without proper authorization or consideration and intending to retain possession of the same.

78. WP South Carolina continues to wrongfully withhold possession of the property of WP Illinois and has not returned the same to its owner.

79. Wilson and WP South Carolina have thereby converted substantially all of the property of WP Illinois including, without limitation, cash, receivables, causes of action, tangible personal property, intellectual property, and business opportunities.

80. Plaintiffs have been harmed and continue to be harmed by Wilson's and WP South Carolina's wrongful acts to the extent of the value of WP Illinois property taken by Wilson and WP

South Carolina and any profits which are, or could have been, earned by WP Illinois.

WHEREFORE, for the above and foregoing reasons, Plaintiffs DeRose and Sirois, both individually and derivatively on behalf of Plaintiff WP Illinois, pray that this Honorable Court enter judgment in their favor and against Defendants Wilson and WP South Carolina in an amount that can be proved at trial but not less than $50,000, and grant such other relief as this Court deems proper and just.

## COUNT VII
Accounting
(Individually and Derivatively Against Wilson and WP South Carolina)

81. Plaintiffs incorporate Paragraphs 1–80 as if fully restated here.

82. Under the Updated Operating Agreement and the Act, upon the dissolution of WP Illinois on August 11, 2017, all assets of WP Illinois were required to be distributed to Members based upon their proportional shares.

83. At the time of dissolution, Plaintiffs DeRose and Sirois collectively owned 27.5% of WP Illinois, which entitled them to 27.5% of all assets upon dissolution.

84. Defendant Wilson also had a duty to account and distribute to Plaintiffs DeRose and Sirois their proportional amounts of gross profits generated since the date of dissolution.

85. Defendant Wilson has wrongfully withheld any such distribution from Plaintiffs DeRose and Sirois.

86. Wilson has further caused the transfer of the assets of WP Illinois to Defendant WP South Carolina, and upon information and belief, utilized them to raise over $250,000 for a new project.

87. As set forth above, because of the number of complex transactions, many of which were either concealed or not disclosed by Wilson, the inability of Plaintiffs to access the financial records

of WP Illinois, and the need to properly value the intellectual property rights of WP Illinois, an accounting will be necessary to determine the amounts owed to Plaintiffs.

WHEREFORE, for the above and foregoing reasons, Plaintiffs DeRose and Sirois, both individually and derivatively on behalf of Plaintiff WP Illinois, pray that this Honorable Court enter judgment in their favor and against Defendants Wilson and WP South Carolina in an amount that can be proved at trial but not less than $50,000, and grant such other relief as this Court deems proper and just.

**COUNT VIII**
Common Law Fraud
(Individually Against Defendant Wilson)

88. Plaintiffs incorporate paragraphs 1–87 as if fully restated here.

89. In 2010, Defendant Wilson represented to Plaintiffs DeRose and Sirois that their monies would be invested into WP Illinois.

90. Defendant Wilson further represented to Plaintiffs DeRose and Sirois that their monies would be used to fund the activities of WP Illinois, which would in turn generate a return on their investments.

91. In reasonable reliance upon Defendant Wilson's representations, Plaintiffs DeRose and Siriois did, in fact, invest a total of $425,000 into WP Illinois.

92. However, since the beginning, and at the time of the representations, it has been Wilson's intention, which he did not disclose to DeRose and Sirois, to use the invested funds from DeRose and Sirois and other funds and assets of WP Illinois for his own personal use thus siphoning off the assets and profits of WP Illinois so that, even though the individual projects undertaken by WP Illinois were profitable, there would be no profits available for distribution to DeRose and Sirois as they had been told.

93. Wilson did, in fact, immediately siphon off $166,000 of investor monies from Plaintiff WP Illinois, without investor authorization, and eventually repaid only $8,000 of the total amount taken and used WP Illinois funds for the payment of personal expenses and not for any proper business purpose.

94. DeRose and Sirois have never received any earnings or profits, or return of their investments in WP Illinois.

95. Furthermore, the said misuse of WP Illinois assets, contrary to the representations of Wilson, together with the transfer of substantially all of the assets to WP South Carolina has caused the complete loss of the initial investment of DeRose and Sirois.

96. Plaintiffs were harmed and continue to be harmed by Wilson's wrongful acts.

WHEREFORE, for the above and foregoing reasons, Plaintiffs DeRose and Sirois, both individually and deriviatively on behalf of Plaintiff WP Illinois, pray that this Honorable Court enter judgment in their favor and against Defendant Wilson in the amount of $158,000, plus interest, award Plaintiffs their costs and reasonable attorney's fees, and grant such other relief as this Court deems proper and just.


Dated: November 2, 2020                    Respectfully submitted,

                                           **Daniel DeRose, Jr., and Mary Sirois, both
                                           individually and derivatively on behalf of
                                           Wanderlust Productions, LLC, an Illinois
                                           company**

Whitman H. Brisky                          By: s/ Whitman H. Brisky_____
Terry S. Lu                                     One of their attorneys
MAUCK & BAKER, LLC
One North LaSalle Street, Suite 600
Chicago, Illinois 60602
Telephone: (312) 726-1243
Facsimile:  (866) 619-8661